## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**WORD OF FAITH CHRISTIAN FELLOWSHIP, INC.**                    **PLAINTIFF**

**V.**                              **CIVIL ACTION NO. 1:05CV691 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**
**and FELECIA CRAFT-PALMER**                              **DEFENDANTS**

### MEMORANDUM OPINION

The Court has before it Plaintiff Word of Faith Christian Fellowship, Inc.'s (Word of Faith) motion to remand.  For the reasons set out below, this motion will be granted.

This is an action for property damage sustained in Hurricane Katrina.  Word of Faith is the owner of certain buildings located at 103 Old Spanish Trail, Waveland, Mississippi. This property was insured under a church insurance policy (policy number 99-44-5546-5) issued by Defendant State Farm Fire and Casualty Company (State Farm).  Plaintiff purchased this policy through State Farm's local agent, Defendant Felecia Craft-Palmer (Palmer).  The State Farm policy provides limits of coverage for buildings of $612,700 and for business personal property of $37,800.  The policy contains an exclusion for certain types of damage caused by water, as set out in the policy.

The amended complaint alleges that at the time the plaintiffs purchased their State Farm policy, Palmer represented to them that the policy covered any damages that might occur during a hurricane, including both wind and water damage. (1st Amended Complaint Paragraph 12) Word of Faith alleges that its representatives relied upon Palmer's representations concerning the scope of their insurance coverage. (1st Amended Complaint Paragraph 12) The complaint alleges that Palmer was negligent in connection with the sale of the policy in question. (1st Amended Complaint Paragraphs 25 through 30)

During Hurricane Katrina the Word of Faiths' property sustained substantial damage from the storm surge flooding that occurred during the storm.  State Farm denied coverage for these losses on the grounds that they were excluded losses under the State Farm church policy.

Plaintiff is a Mississippi corporation with its principal place of business at the insured premises in Waveland, Mississippi, and Palmer is a resident citizen of Mississippi.  If Palmer is a properly named defendant, there is no complete diversity of citizenship, and this Court lacks subject matter jurisdiction under 28 U.S.C. §1332.

State Farm has removed this action on grounds of diversity of citizenship, alleging that the Word of Faiths has fraudulently joined Palmer in order to defeat diversity jurisdiction.  This is an issue on which State Farm has the burden of proof.  *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). State Farm's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiff all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiff could prevail and establish a right of recovery against the non-diverse defendant.  If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

## Allegations of the Complaint

Plaintiffs have alleged that Palmer represented that the State Farm policy in question provided coverage for all damage that the insured property might sustain in the event of a hurricane, including water damage. (1st Amended Complaint Paragraph 12)  Word of Faith alleges that its representatives relied upon Palmer's representation concerning the scope of coverage afforded by the State Farm policy.  A fair reading of the complaint would support an inference that the Word of Faith's representatives would have purchased flood insurance had Palmer not represented to them that the State Farm policy provided coverage for all damage their property might sustain during a hurricane, including water damage.

Plaintiff also alleges that Palmer was negligent in failing to properly advise them of the coverages that were necessary to protect their property, in failing to advise them that the State Farm policy excluded water damage from storm surge flooding, and in failing to recommend that they purchase any additional insurance. (1st Amended Complaint - IV Negligence and Gross Negligence of Defendant Palmer, Paragraphs 25 through 30)

## Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages requested.  *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

<u>Negligent Misrepresentation Under Mississippi Law</u>

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992).  These essential elements may fit the Word of Faith's theory of recovery and allegations against Palmer.

Of course, the truth of the Word of Faith's allegations; the circumstances in which the events in question transpired; the question of what coverages were discussed and what decisions on coverage were made; and the reasons for these decisions are all questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense.  At this juncture, however, the Word of Faith's allegations must be accepted as true; it must be granted all reasonable inferences in favor of its theory of recovery; and any doubtful issues of state law must be resolved in its favor.  *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Without venturing any opinion on the merits of the Word of Faith's claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Palmer and State Farm have failed to establish that Word of Faith has no viable legal theory upon which they may proceed against Palmer under the Word of Faith's version of events.

Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings.  The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

An appropriate order will be entered.

Decided this 14th day of August, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge